**FOR PUBLICATION**

## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN
### APPELLATE DIVISION

| | |
|---|---|
| **PAUL ARCHER,** ) | |
| ) | |
| *Appellant,* ) | **D.C. CIV. APP. NO. 2006-88** |
| ) | Sup. CT. CIV. NO. 123/2003 |
| **v.** ) | |
| ) | |
| **CARIBBEAN AUTOMART, INC.,** ) | |
| ) | |
| *Appellee.* ) | |
| _____) | |

**On Appeal from the Superior Court of the Virgin Islands**

ATTORNEYS:

**Vincent A Colianni, II, Esq.**
St. Croix, U.S.V.I.
        *For the Appellant.*

**Leslie A. Kelley, Esq.**
St. Croix, U.S.V.I.
        *For the Appellee.*

### MEMORANDUM OPINION AND JUDGMENT

**GÓMEZ, C.J.**

   The appellant, Paul Archer ("Archer"), appeals an order of the Superior Court of the Virgin Islands granting summary judgment for the appellee, Caribbean Automart, Inc. ("CAM").

*Archer v. Caribbean Automart*
D.C. Civ. App. No. 2006-88
Memorandum Opinion and Judgment
Page 2

## I. FACTUAL AND PROCEDURAL BACKGROUND

CAM is a car dealership in the U.S. Virgin Islands. Archer was employed by CAM as a sales associate. Dothlyn Davis ("Davis") spoke with Archer about purchasing a car from CAM. Davis later complained to CAM's president that Archer had arranged for Davis to purchase a car from another dealership in Florida. CAM subsequently fired Archer.

Thereafter, Archer sued CAM, alleging violations of the Virgin Islands Wrongful Discharge Act, V.I. CODE ANN. tit. 24, § 76 (the "WDA"). CAM moved for summary judgment. After a hearing, the Superior Court granted CAM's motion. The Superior Court's order was entered on April 7, 2006.

Archer filed a notice of appeal of the Superior Court's order on May 12, 2006.[1] Archer argues on appeal that the Superior Court erred in granting CAM's motion for summary judgment because there was sufficient evidence for a reasonable jury to find that CAM violated the WDA.

---

[1] After Archer filed his notice of appeal, the Clerk of Court issued a briefing schedule, requiring Archer to file his opening brief no later than August 7, 2006. Archer filed his opening brief on August 8, 2006. The record does not reflect that Archer sought an extension of time. Rule 17 of the Virgin Islands Rules of Appellate Procedure provides that "[a]ll temporal deadlines shall be strictly construed" and that "[f]ailure to adhere to deadlines may result in dismissal without further notice." V.I. R. App. P. 17.

*Archer v. Caribbean Automart*
D.C. Civ. App. No. 2006-88
Memorandum Opinion and Judgment
Page 3

### III. <u>ANALYSIS</u>

It is axiomatic that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 127 S. Ct. 2360, 2366 (2007); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988) ("[T]he taking of an appeal within the prescribed time is mandatory and jurisdictional."); *Benn v. First Judicial Dist.*, 426 F.3d 233, 237 (3d Cir. 2005) ("Compliance with the Rules of Appellate Procedure for proper filing of a notice of appeal is 'mandatory and jurisdictional.'") (quoting *Lusardi v. Xerox Corp.*, 975 F.2d 964, 970 n.7 (3d Cir. 1992)). "That holding is rooted in the fact that the time limit for filing a notice of appeal is mandated by statute." *Carrascosa v. McGuire*, 520 F.3d 249, 253 (3d Cir. 2008) (footnote and citation omitted), *cert. denied*, No. 08-5924, 2008 U.S. LEXIS 7944 (Nov. 3, 2008).

Even where, as here, the parties do not see a jurisdictional deficiency, the Court has an obligation to address such an issue *sua sponte*. *See Carrascosa*, 520 F.3d at 251 (examining as a threshold issue whether the appeal should be dismissed as time-barred pursuant to Federal Rule of Appellate Procedure 4) (citing *Bowles*, 127 S. Ct. at 2366; *In re Flat Glass Antitrust Litigation*, 288 F.3d 83, 88 n.5 (3d Cir. 2002) ("[W]e have an 'independent responsibility to examine our own jurisdiction sua

*Archer v. Caribbean Automart*
D.C. Civ. App. No. 2006-88
Memorandum Opinion and Judgment
Page 4

sponte.'") (citation omitted)).[2]

    Rule 4(a) of the Virgin Islands Rules of Appellate Procedure provides that

> [a]n appeal . . . permitted from the Superior Court to the Appellate Division shall be taken by filing a notice of appeal with the Clerk of the Superior Court within the time allowed by Rule 5.

V.I. R. App. P. 4(a).

    Rule 5(a) requires that the notice of appeal be filed with the Clerk of the Superior Court "within thirty days after the date of entry of the judgment or order appealed from[.]" VIRAP 5(a).  "A judgment or order is entered . . . when it is entered in compliance with Superior Court Rule 49. . . . The time for appeal begins upon the entry of the final order into the docket." VIRAP 5(a)(9).  Superior Court Rule 49 provides that "[u]pon determination of an action by a judge, the judge shall sign the judgment which shall take effect, for purposes of appeal, upon entry by the clerk, unless otherwise ordered by the court." Super. Ct. R. 49.

    In this matter, the Superior Court's order was entered into

---

    [2] Because the timeliness of a notice of appeal is a jurisdictional question, the presiding judge of this Court may dismiss this appeal if jurisdiction is found to be lacking. *See* 48 U.S.C. § 1613a(b) ("[T]he presiding judge alone may make any appropriate orders with respect to an appeal prior to the hearing and determination thereof on the merits and *may dismiss an appeal for want of jurisdiction*[.]") (emphasis supplied).

*Archer v. Caribbean Automart*
D.C. Civ. App. No. 2006-88
Memorandum Opinion and Judgment
Page 5

the Superior Court's docket on April 7, 2006.  Archer had thirty days from that date within which to file his notice of appeal.  Thirty days from April 7, 2006 fell on May 8, 2006.[3]  Archer filed his notice of appeal on May 12, 2006.[4]  Because Archer's notice of appeal was filed beyond thirty days after entry of judgment, it is untimely.  Consequently, the Court is deprived of jurisdiction to hear this matter. *See*, *e.g.*, *Carrascosa*, 520 F.3d at 254 (finding that the reviewing court lacked jurisdiction because the appellant's notice of appeal was filed beyond the thirty-day limit); *Lee v. Gruel*, 248 F. Supp. 2d 413, 415-16 (D.V.I. App. Div. 2003) (similar); *Newland Moran Real Estate v. Green Cay Props., Inc.*, 41 F. Supp. 2d 576, 581 (D.V.I. App. Div. 1999) ("This Court lacks jurisdiction to directly review the

---

[3] Thirty days from April 7, 2006 actually fell on May 7, 2006.  May 7, 2006 was a Sunday.  The Virgin Islands Rules of Appellate Procedure provide that "[t]he last day of the period so computed shall be included, unless it is . . . a Sunday, . . . in which event the period runs until the next day[.]" VIRAP 16(b).  The next day applicable for the purposes of computation of time was Monday, May 8, 2006.

[4] Under Rule 2 of the Virgin Islands Rules of Appellate Procedure, the Court may "suspend the requirements or provisions of any of these Rules in a particular case on [its] own motion[.]" VIRAP 2.  That rule makes clear, however, that "the time for filing a notice of appeal . . . out of time . . . may only be enlarged pursuant to Rule 5." *Id.*  Rule 5 authorizes the Court to extend the time for filing a notice of appeal, upon a showing of excusable neglect or good cause, on the appellant's motion. VIRAP 5(a)(8).  The record in this matter does not reflect that Archer filed such a motion.

*Archer v. Caribbean Automart*
D.C. Civ. App. No. 2006-88
Memorandum Opinion and Judgment
Page 6

[trial court's] dismissal order because the notice of appeal was untimely with regard to that order.").

## IV. CONCLUSION

For the reasons given above, it is hereby

**ORDERED** that this matter is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this matter.

S_____
 **CURTIS V. GÓMEZ**
  **Chief Judge**